# THE ATTORNEY GENERAL
## OF TEXAS
AUSTIN 11. TEXAS



Gerald C. Mann
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. A. J. Bryan, Jr.
Criminal District Attorney
Hillsboro, Texas

Dear Sir:

Opinion No. O-1685

Re: May the commissioners' court
rent road machinery at a
monthly rental for use on a
W. P. A. project without first
advertising for bids for the
rental of same?

We have received your request for an opinion on the following
situation:

"Will you please advise us whether or not the commis-
sioners' court may rent road machinery at a monthly
rental for use on a W.P.A. project, without first ad-
vertising for bids for the rental of the same.

"Briefly, the facts are as follows: In may, 1939,
certain road machinery was purchased or rented by the
Court without having advertised for bids, the rental
contract including an option to purchase the machinery.
The monthly rental was $185.00. Later the question of
the validity of this transaction was raised and the
option to purchase was stricken from the contract.
Later the question of advertising was raised and the
Court then advertised for bids and on October 29th,
1939, opened and read the bids on the machinery. The
machinery was in possession of Hill County all of this
time and was in actual use by the county. Only two
bids were received. One of these bids was from the
Company who had rented or sold the machinery to the
county in May, 1939. The other bid was for a smaller
amount by about $1,000.00, but did not include a
monthly rental on the machinery. The higher bid pro-
viding for a monthly rental was accepted, this bid
being on the machinery already in possession of the
county as aforesaid.

"During the time the question of advertising was raised
and the present time two or three monthly rental

payments have accrued and the question is whether
or not these rentals may be paid, these particular
rentals having accrued just prior to the date of
advertising for bids and one payment just after the
acceptance of the above described bid."

Article 2351, Vernon's Annotated Civil Statutes, constitutes
the general grant of power to the commissioners' court of a
county.

Among other things it provides:

"3. Lay out and establish, change and discontinue
public roads and highways.

"* * *

"5. Appoint road overseers and apportion hands.

"6. Exercise general control over all roads, highways,
ferries and bridges in their counties."

The power expressly given to the commissioners' court to lay out
and establish public roads carries with it by implication all such
other powers as are reasonably necessary to carry into effect the
granted authority.

Lasater v. Lopez, 202 S.W. 1039
Owen v. Fleming-Stilzer Road Building Company,
250 S.W. 1038.

The commissioners' court of a county has express authority under
Art. 6751, Revised Civil Statutes, 1925, to lease, rent or hire
necessary road machinery, tools, implements, etc. for grading,
draining, or repairing the roads of the county.

Article 6751, supra, reads as follows:

"The commissioners court of any such county is authorized
to purchase or hire all necessary road machinery, tools,
implements, teams and labor required to grade, drain, or
repair the roads of such county, and said court is
authorized and empowered to make all reasonable and
necessary rules, orders and regulations not in conflict
with law for laying out, working and otherwise improving
the public roads, and to utilize the labor and money
expended thereon, and to enforce the same."

On the basis of the above authorities it is our opinion that the
county commissioners' court has both express and implied authority

to rent or lease road machinery for necessary uses on county roads.

The question now presents itself as to whether or not the commissioners' court may rent or lease road machinery without first advertising for bids for the rental.

Article 1659, Revised Civil Statutes 1925, provides for competitive bid advertisements for purchase of road and bridge material. As pertinent hereto, it reads as follows:

> "Supplies of every kind, road and bridge material or any other material, for the use of said county, or any of its officers, departments, or institutions <u>must be purchased on competitive bids</u>, the contract to be awarded to the party who, in the judgment of the commissioners' court, has submitted the lowest and best bid." (Underscoring ours)

Article 1659, supra, does not apply to rentals or leases of road machinery by the county. This is evident from its own terms. It is to be noted moreover that it was enacted subsequent to Article 6751, supra, (Acts 1891, p. 149, General and Special Laws 22nd Leg.) authorizing the commissioners' court to "hire all necessary road machinery, etc." (Art. 1659 was originally Acts, 1905, p. 384, amended Acts 1921, p. 185).

We have reached the conclusion that it was not the intention of the Legislature to require advertisement for bids in the leasing or renting of road machinery by the county commissioners' court.

It is our opinion and you are so advised that the commissioners' court of a county has the authority to rent road machinery at a monthly rental for use on a W.P.A. project without first advertising for bids for the rental of said machinery.

Your attention is called to Opinion 0-1317 of this department to Hon. Wm. J. Fanning to Hon. T. K. Wilkinson, County Auditor, Hill County, Hillsboro, Texas, holding that the commissioners' court cannot lease or rent, with the option to purchase, road machinery, pickups or trucks, warehouses for the storage of equipment.

We note that in the penultimate paragraph of your letter you refer to the fact that "two or three monthly rental payments have accrued" and state that "the question is whether or not these rentals may be paid." The answer to this question depends upon whether the rentals accrued under the old lease contract including the option to purchase or a subsequent lease contract omitting the option provision. We refrain from passing upon this

phase of the matter because of insufficient information.

The bid requirement of Article 1659, supra, is applicable to any purchase of road machinery or equipment by a county commissioners' court and cannot be avoided in any manner.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Dick Stout

By

Dick Stout
Assistant

DS:jm/cge

APPROVED DECEMBER 16, 1939
s/ Gerald.C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman